```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


ANTHONY MONTGOMERY,            :
                               :
     Plaintiff,                :
                               :
v.                             :      CIVIL ACTION 05-0187-M
                               :
JO ANNE B. BARNHART,           :
                               :
     Defendant.                :
```

MEMORANDUM OPINION AND ORDER

In this action under 31 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 15).  Oral argument was waived in this action (Doc. 13).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further proceedings not inconsistent with the orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born February 2, 1968.  At the time of the most recent administrative hearing, Montgomery was thirty-six years old, had completed a high school education (Tr. 293), and had no relevant previous work experience (*see* Tr. 19).  In claiming benefits, Plaintiff alleges disability due to hypertension and morbid obesity (Doc. 9).

Plaintiff filed a protective application for SSI on April 3, 2003 (Tr. 215-17).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Montgomery could perform a full range of sedentary work (Tr. 12-21).  Plaintiff requested review of the hearing decision (Tr. 11) by the Appeals Council, but it was denied (Tr. 7-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Montgomery alleges that:  (1) The ALJ failed to properly consider the opinions and diagnoses of his treating physician; (2) the ALJ improperly determined that he could perform a full range of sedentary work; and (3) the ALJ should have called a vocational expert to testify (Doc. 9).  Defendant has

responded to—and denies—these claims (Doc. 10).

Plaintiff claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's treating physician.  Montgomery specifically refers to the reports of Dr. Mosha Peters (Doc. 9, pp. 5-9). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2005).

Dr. Peters apparently saw Plaintiff only once (Tr. 285-89), though Montgomery was treated more than once by the Stanton Road Clinic where Peters worked (Tr. 169, 262-66).  On July 13, 2004, the doctor noted that Montgomery was hypertensive and out of medications; noting that Plaintiff was morbidly obese, Peters counseled him regarding diet and exercise (TR. 286).  The doctor completed a pain form indicating that Montgomery's pain did not prevent functioning in everyday activities and that medications taken for his pain would not create serious problems with his ability to work (Tr. 288).  Peters also completed a physical capacities evaluation indicating that Plaintiff was capable of sitting

---

[1]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

for three hours at a time and standing/walking, combined, for less than an hour at a time; the doctor also opined that this was all the sitting, standing, and walking that Montgomery could do during an eight-hour day (Tr. 289).  Peters further found Plaintiff able to lift and carry up to fifty pounds on an occasional basis and able to use arms and legs for repetitive motions (*id.*).  The doctor also found Montgomery able to reach frequently, bend occasionally, but never squat, crawl, or climb; additionally, Peters thought that Plaintiff was mildly restricted in being around moving machinery and driving automobile equipment, moderately restricted in being exposed to marked changes in temperature and humidity as well as dust, fumes, and gases and that he was totally restricted in being at unprotected heights (*id.*).

The ALJ summarized Dr. Peters's report though he neglected to mention the restrictions on height, moving machinery, and environmental factors (Tr. 18).  In evaluating those findings, the ALJ stated that he "accept[ed] the findings and opinions of Dr. Peters only to the extent that they are consistent with the ability to perform a full range of sedentary work;" the ALJ specifically rejected Peters's finding that Montgomery could only sit for three hours as inconsistent with the doctor's own pain findings (Tr. 19).

The Court notes the following:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally

> lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (2005).  After reviewing the definition of sedentary work, the Court is unsure that the ALJ's conclusions regarding Dr. Peters's opinions—and the ALJ's ultimate finding regarding Plaintiff's ability to perform a full range of sedentary work—is supported by substantial evidence.  Specifically, the ALJ has failed to address the following findings by Dr. Peters:  that Plaintiff could stand/walk for less than an hour during an eight-hour day; that Montgomery is restricted in his ability to bend, squat, crawl, climb, and reach; and that he is restricted with regard to heights, being around machinery, and because of certain environmental factors.

The Court finds that the ALJ's determination which accepts Dr. Peters's conclusions to the extent they are consistent with Plaintiff's ability to perform a full range of sedentary work is inadequate.  Though the ALJ acknowledged Montgomery's significant limitation in standing (Tr. 19), he does not discuss how this affects his ability to perform a full range of sedentary work; furthermore, the ALJ totally failed to discuss the other limitations set out by Peters and how they impact his ability to work.  Additionally, although

the ALJ summarized the other medical evidence of record, he did not specify what weight he gave any of it.  Dr. Tran, for example, a colleague of Peters, indicated that Montgomery was totally disabled (Tr. 284); though reporting it, the ALJ did not reject this conclusion (Tr. 18).  These factors, when combined, make it impossible to understand what the ALJ's conclusions are and determine whether the evidence supports them.

Therefore, the Court finds that the ALJ's conclusions are not supported by substantial evidence.  While the conclusions may be correct, the ALJ has failed to properly explain his reasons for making the decisions that he has.  Specifically, the Court cannot say, based on the ALJ's determination, what evidence has been accepted or rejected which makes it impossible for this Court to determine whether Plaintiff is capable of performing a full range of sedentary work.

In any event, based on what is understood about the ALJ's conclusions, the Court notes that once it was determined that the Plaintiff was incapable of performing his past work, the Secretary was required to show that the claimant was able to perform other substantial gainful work existing in the national economy.  *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975).  "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert."  *Cowart*, 662

F.2d at 736.  While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence."  *Id*.  "A general finding that a claimant is able to perform the requirements of sedentary work activity is insufficient to demonstrate that the Secretary has met his burden of showing that claimant retains residual capacity to work."  *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988), *citing Cowart*, 662 F.2d at 736.  The evidence indicates that the testimony of a vocational expert may be necessary.

    The Court has reviewed the evidence of record and reached the conclusion that the ALJ's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the decision be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to whether Plaintiff is capable of performing a full range of sedentary work.  Judgment will be entered, by separate order, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this Order, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

    DONE this 23rd day of September, 2005.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE